ROOSENRAAD v. SLUITER.

1. MORTGAGES — ESTATES OF DECEDENTS — EXECUTORS AND ADMIN-
   ISTRATORS.

   Although an executor of an estate may not give a mortgage
   thereon without leave of court, individual devisees could mort-
   gage and warrant their interest in the property, and a lien
   would attach, from the time of a testator's death.

2. SAME—DEVISEES—MINORS—CONTRIBUTION.

   Testator's adult devisees who signed mortgage on estate prop-
   erty *held*, not entitled to avoid liability thereon because minor
   devisees who also signed mortgage were not liable either on
   mortgage or for contribution, in absence of release of any
   joint obligor by action of the payee, notwithstanding that as
   to such adult devisees it may not have been clear just what
   they were doing since the stability of written instruments
   requires that obligors under contracts inform themselves, if
   they do not know, what they are doing.

3. APPEAL AND ERROR—MORTGAGES—DEFICIENCY.

   In suit to foreclose mortgage against several mortgagors, some
   of whom were not liable thereon because of infancy at time
   of execution, matter of deficiency which is not raised on
   record presented, is not considered on appeal.

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted June 9, 1936. (Docket No. 100, Calendar
No. 38,905.) Decided September 2, 1936.

Bill by Cornelius Roosenraad, executor of the
estate of Lourens Schoemaker, deceased, against
Tryntje Sluiter and others to foreclose a mortgage.
From decree dismissing bill as to all defendants ex-
cept Simon Sluiter and wife, plaintiff appeals. Re-
versed and remanded for entry of decree against
certain defendants.

*Jarrett N. Clark,* for plaintiff.

*McAllister & McAllister,* for defendants.

Butzel, J.   Klaas Sluiter owned a farm upon which he resided in Overisel township, Allegan county, Michigan.  He died in 1912, but his will was not filed for probate until 1919.  He devised a life estate in the farm to Tryntje Sluiter, his widow, and the remainder to his children.  Cornelis Roosenraad of the city of Zeeland, Ottawa county, was engaged in loaning money, collecting rents, drafting mortgages, contracts and deeds and acted as a notary public and somewhat as a lay scrivener for the neighboring residents, as well as those of the adjoining county of Allegan.  He drafted the papers in the proceedings for the probate of Klaas Sluiter's estate.  The petition for probate shows that the heirs consisted of Tryntje, the widow; Simon, a son; Tryntje Boerman and Adriana Sluiter, daughters, all of full age; and Hermina and Harm Sluiter, minors; also John DeWeerd, a grandson, and the heirs of Geert Sluiter, a son who died subsequent to Klaas' death.

One Palmbos owned a farm near Zeeland in Ottawa county in which either Simon Sluiter or his widowed mother became interested, the record not being clear as to how the purchase originated.  The farm was incumbered with a $3,000 first mortgage.  Palmbos asked $2,900 for the equity.  This amount was obtained from Cornelis Roosenraad on a first mortgage on the Overisel farm and a second mortgage on the Zeeland farm being purchased.  Simon Sluiter claimed that he discussed the purchase of the property with Roosenraad and told him that he would get the money from the bank, evidently with the equity in the Zeeland farm as security.  It is

quite unlikely that any bank would make a loan with such inadequate security. Roosenraad regarded the loan as a good investment when secured by a first mortgage on one farm and the second on another and he agreed to loan the money. He testified that the widow Sluiter was willing to assist her son Simon in acquiring the farm for he was also helping to support the family. The mortgage was dated March 27, 1920, four months prior to the closing of the Klaas Sluiter estate and the order of assignment. It secured two notes of even date, one for $1,700 and one for $1,200. The reason for dividing up the amount of the two notes is not shown. On the date the mortgage and notes were executed, Mrs. Sluiter, Simon and his wife, and his brothers and sisters came to Roosenraad's office. Roosenraad testified that he read the mortgage out loud and the documents were duly executed. The deed from Palmbos was also drawn and executed in Roosenraad's office. It ran to Tryntje Sluiter, who in turn entered into a land contract with her son Simon. The deed and contract were left with or kept by Roosenraad for safekeeping. The mortgage, which ran to Roosenraad, was subsequently assigned by him to himself as executor of the estate of Lourens Schoemaker, deceased. Simon Sluiter paid interest on the mortgage up to April 13, 1932, but then defaulted. Foreclosure proceedings were brought in 1935, Mrs. Sluiter, Simon, his wife and the children being named as defendants. The testimony is very meagre. Defendants claim that they fully trusted Roosenraad, that they had no knowledge of business and did not know that they were giving a mortgage on their interest in the Overisel farm. There is no question but that Simon Sluiter knew what he and his family were doing. Simon testified in regard to the signing of the mortgage that his mother asked

Roosenraad if she could get the mortgage on her farm and that Roosenraad replied, "I will fix that."

Notwithstanding the real or assumed ignorance of the parties and the possibility that they did not understand what they were signing, there was absolutely no overreaching on the part of Roosenraad. It seems highly improbable that the parties would travel the distance to Roosenraad's office in an adjoining county and sign and acknowledge a mortgage before a notary public without knowing that they were mortgaging property in which they had an interest. The trial judge held that as DeWeerd did not sign the mortgage and Hermina and Harm Sluiter were both minors at the time they signed, the mortgage was void as to them; that the widow Tryntje did not understand the transaction and had no attorney nor did she know that the deed to the new farm was being taken in her name, or understand that she was mortgaging her interest in the Overisel farm; that she supposed she was signing a personal guaranty for Simon. The judge held the mortgage invalid as to the widow. He also held the mortgage void as to the children who were of age at the time, on the ground that because it was void as to the minors, it would be void as to all of the brothers and sisters as there could not be any contribution from the minors; further, that inasmuch as the executor of the Klaas Sluiter estate could not give a mortgage on the property without obtaining the consent of the court, which certainly would not have been given, the devisees could not mortgage the farm by indirection when it could not be directly done by the executor without leave of the court.

While it is true that an executor of the estate itself could not have given a mortgage without leave of the court, the individual devisees could mortgage

and warrant their interest in the property, and a lien would attach, from the time of the testator's death. *In re Shumway's Estate,* 194 Mich. 245 (L. R. A. 1918 A, 578). Although Roosenraad drew the petition for the probate of the will and could have checked up on the ages of the mortgagors, he did not do so. He claims that the minors were grown up as they were approaching their majority at the time. However, the other signers of the notes were of age and they were acquainted with the ages of the minors and their incapacity to mortgage the property. If the signature of the minors at the time on the notes was a nullity, the defendants who were adults knew of this and they cannot claim that they lost any right of contribution from the minors when it never existed. There was no release of joint obligors by any action of the payee. Plaintiff on appeal only questions the correctness of that part of the decree that releases the mortgagees who were adults at the time of the execution of the mortgage.

We do not believe that the circumstances excuse the failure of the adult defendants to inform themselves as to just what they were doing if they did not know. It was their duty to ascertain what they were doing before signing the documents. The stability of written instruments demands that this be done, and in the absence of fraud, deceit, misrepresentation or other misconduct, none of which existed in the present case, the instrument will be upheld. Tryntje Sluiter had a life estate and an undivided fourteenth or 6/84ths of the Overisel Farm; Simon Sluiter, Adriana Sluiter and Tryntje Boerman each had a 13/84ths or an aggregate of 45/84ths interest in the remainder.

The decree of the lower court dismissing the bill as to the adult defendants other than Simon and

wife is reversed and the case is remanded to the trial court with instructions to compute the amount due and enter a decree in accordance with this opinion. A serious question may arise as to whether the appellees other than Simon may be held for a deficiency, but as it is not raised on the present record, we do not pass upon it. Plaintiff will recover costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.